IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JULIO AYALA,<br><br>      Defendant. | 8:21-CR-314<br><br>ORDER ON MOTION TO CONTINUE<br>AND MOTION TO EXTEND |

  This matter is before the Court on defendant Julio Ayala's Motion to Continue Trial, Filing 136, and Motion to Extend Time to File Motions, Objections, and Disclosures, Filing 138. The justification for these motions—made shortly before trial is to begin on February 14, 2023—is that Defendant has newly retained counsel who needs time to prepare for trial. Filing 136 at 1; Filing 138 at 1. Defendant continues to be represented by counsel appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, who has not moved to withdraw. Nothing presented in these Motions are in the record shows that Defendant's appointed counsel cannot adequately represent him. The Government Opposes these Motions. Filing 139. The Motions are denied.

  This motion comes before the court after Mr. Carlos Monzon contends he was retained by Ayala at 2:46 p.m. on Friday, February, 3, 2023, a mere 11 days before the trial in this matter. Filing 146 at 1. Ayala has been represented by appointed counsel since February of 2022. Filing 26. As his case progressed, Ayala has been granted several extensions of the pretrial deadline, *see* Filing 36 at 1, Filing 67 at 1, Filing 73 at 1; Filing 81 at 1, including one for a 60-day extension, Filing 36 at 1. Ayala has also filed a Motion to Continue Trial, Filing 105, along with his co-defendants moving to continue trial, *see e.g.*, Filing 104 at 1; Filing 116 at 1. During the pendency of this case, Ayala has never hinted at any dissatisfaction with his appointed counsel.

1

The Court notes that, as represented in the Government's response to Ayala's Motions, Ayala's newly retained counsel never conferred with the Government about the Government's position regarding a continuance. At a hearing on this matter, retained counsel explained that he had called counsel for the Government at approximately 3:00 p.m. on Friday, February 3, 2023, but not surprisingly did not receive an immediate response. Filing 146 at 1. Without speaking to the Government, he filed the Motions anyway.

Nevertheless, the Court will address the merits of Ayala's Motions. At a hearing held on February 7, 2023, on this matter, retained counsel cited the Supreme Court case *United States v. Gonzalez-Lopez* for the proposition that a criminal defendant has a right "to select counsel of [his or her] choice." 548 U.S. 140, 146–47 (2006). This is true as a general proposition, but what retained counsel overlooks is that, in that same case, the Supreme Court recognized that the trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar[.]" *Id.* at 151 (internal citations omitted). As such, the Sixth Amendment right of a defendant to be represented by a qualified attorney of his or her choice is not absolute. *See United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011). Exercising this right cannot "obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Bradshaw*, 955 F.3d 699, 703 (8th Cir. 2020).

The Court's discretion on whether to continue trial to add or substitute counsel "is at its zenith" when the defendant makes such a request "shortly before trial." *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). "[I]n exercising this discretion, 'only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *Bradshaw*, 955 F.3d at 703 (internal quotation marks omitted)

2

(quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)). The Court's decision must "'balance the defendant's right to be represented by the counsel of his choice against the court's interest in the orderly administration of justice' and come to a reasoned decision . . . ." *Id.* (quoting *Jones*, 662 F.3d at 1024). The Eighth Circuit has delineated several factors for the district courts to consider:

> (1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation; (2) the diligence of the party requesting the continuance; (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance; (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*Id.* at 704 (quoting *Jones*, 662 F.3d at 1024).

Ayala's Motions fail the application of these factors. This case is an unremarkable criminal prosecution involving a conspiracy to distribute marijuana and possession with intent to distribute marijuana. Filing 88 at 1–2. Based upon the information presently before the Court, including the alleged facts of this case as represented in the Government's trial brief, Filing 124, Ayala was purportedly in a conspiracy with three other individuals by which he would assist in the importation of a significant amount of marijuana from California to Omaha. Filing 124 at 1–47. The alleged scheme was uncomplicated, and the evidence mainly consists of text messages between the coconspirators, flight and other travel records, and law enforcement testimony. *See generally* Filing 124. Ayala has been represented by appointed counsel since February of 2022. Filing 26. That length of time is more than adequate to prepare for this case. *See United States v. Ali*, 47 F.4th 691, 697 (8th Cir. 2022) ("Five months falls within a range found in cases where we concluded that there was adequate time [to prepare for trial]."). The Court is unpersuaded by newly retained counsel's argument at the hearing that he not prepared to go to trial based on the amount

3

of discovery in this case. Here, Ayala has been represented by capable appointed counsel for a year, who will adequately be able to represent Ayala at trial.

The delay in filing these Motions also significantly weighs in favor of denial. Ayala filed these Motions at the end of the business day on Friday, February 3, 2023, which is only 11 days prior to trial. *See Cordy*, 560 F.3d at 816 (holding that the denial of a motion to continue trial to facilitate the substitution of counsel made two weeks before trial was not an abuse of discretion); *United States v. Issaghoolian*, 42 F.3d 1175, 1178 (8th Cir. 1994) (holding that the denial of a motion to continue to permit newly retained attorneys to prepare for trial made nine days before trial was not an abuse of discretion). He provides no justification for waiting shortly before trial is to begin to retain counsel and request a continuance for that counsel to prepare. He also fails to provide any evidence that the Government contributed to his delay. And while retained counsel argued at the hearing that he has been acting diligently since being retained, that argument misses the point. The pertinent question is whether the defendant himself has been diligent in seeking new counsel that was the impetus for filing a motion to continue in the first place. *See Cordy*, 560 F.3d at 816 (noting that the defendant "was not diligent in requesting a continuance for the purposes of substituting counsel").

Further, the effect of this delay would upend the judicial process and prejudice both the Government and the Court's interest in the efficient administration of justice. "The efficient operation of our judicial system depends upon gathering together a great number of citizens-lawyers, witnesses, jurors, and court personnel, for example-at a particular time and place." *United States v. Cordy,* 560 F.3d 808, 815 (8th Cir. 2009). The Court has expended resources preparing for this trial, such as by sending summonses to jurors, and has filed the Final Trial Order, Filing 137. Additionally, the Government would be prejudiced by a continuance. As explained in its

4

response, the Government has gone through great effort in assembling the witnesses and evidence in anticipation of trial. Filing 139 at 3. A continuance would also force the Government to make further arrangements to prepare for a trial at some unknown time in the future.

Finally, the last factor, the asserted need for the continuance, with particular emphasis given to "sudden exigencies and unforeseen circumstances," *Bradshaw,* 955 F.3d at 704, lends more support for a denial. Ayala's Motion to Continue unenlighteningly states that his newly retained counsel "requires additional time to review discovery and adequately prepare for trial." Filing 136 at 1. His Motion to Extend claims, strangely, that "[d]iscovery has not been completed,"[1] despite the pretrial motion deadline passing on August 24, 2022. Filing 81 at 1. This Motion also vaguely states that newly retained counsel "needs additional time due to his trial schedule," but provides no explanation or detail about how busy the counsel's trial schedule is or how much additional time is necessary to prepare. Indeed, this statement causes the Court to question why the newly retained counsel would consider taking an engagement 11 days before trial, without first considering whether the Court would be inclined to allow an extension of time if new counsel was too busy to conduct a federal jury trial that has been scheduled for months. Nothing in these Motions indicates that there has been some breakdown in communication between Ayala and his appointed counsel, a conflict of interest that has arose, or some other reason why appointed counsel cannot continue to represent Ayala. Appointed counsel has not moved to withdraw. While newly retained counsel suggested at the hearing that his being contacted by Ayala suggests some breakdown of communication between Ayala and appointed counsel, the Court has

---

[1] At the hearing, retained counsel elaborated that his statement that discovery has not been completed refers to him personally not receiving all of the evidence the Government is required to disclose under Federal Rule of Criminal Procedure 16. Retained counsel's issue with discovery, however, is derivative of him entering this case at the last minute. There is no assertion that the Government has not fully complied with Rule 16 and has disclosed evidence to the defendant.

no evidence that is indeed the case and Ayala's appointed counsel stated at the hearing that he had been in contact with Ayala. There is also there is no basis to believe that retained counsel cannot represent Ayala alongside appointed counsel. *See Bradshaw*, 955 F.3d at 704 (noting that the district court did not "in the strict sense" prevent the defendant from having counsel of his choice when the court "did not forbid [the defendant's] retained counsel to participate in the case alongside appointed counsel" and "there was no evidence the two attorneys could not work together or had conflicting views of the proper defense").

Before concluding, the Court also feels compelled to note in this order that retained counsel disclosed that Ayala has been frustrated with plea negotiations with the Government, which was one of the reasons he sought retained counsel's services. It is improper to request a continuance that is little more than a delay tactic, which the Court finds to be the case here. *See Jones*, 662 F.3d at 1025 (noting that the district court could have "easily concluded that [the defendant's] request was little more than a delay tactic"); *United States v. Baisden*, 713 F.3d 450, 454 (8th Cir. 2013) (stating that a court, when faced with a motion to appoint substitute counsel, must consider "the need to thwart abusive delay tactics[] and the reality that a person accused of a crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job" (quoting *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002))). Ayala's desire for a more favorable plea offer is not justification for delaying trial further.

This case has been on this Court's docket since December 14, 2021. During that time, Ayala's appointed counsel has had ample time to prepare for trial. There is no indication that appointed counsel is not fully prepared to represent Ayala at trial. Ayala's newly retained counsel is free to also assist in Ayala's defense. This case will proceed to trial on February 14, 2023. Accordingly,

6

IT IS ORDERED that defendant Julio Ayala's Motion to Continue, Filing 136, and Motion to Extend, Filing 138, are denied.

Dated this 7th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge